### UNITED STATES v. JEFFERSON COUNTY et al.

### No. 180.

District Court, N. D. Florida, Pensacola Division.

Feb. 17, 1947.

David L. Bazelon, Asst. Atty. Gen., George Earl Hoffman, U. S. Atty., of Pensacola, Fla., and Thomas L. McKevitt, Atty., Lands Division, Department of Justice, of Washington, D. C., for plaintiff.

J. Tom Watson, Atty. Gen. of the State of Florida, T. Paine Kelly, Asst. Atty. Gen., for defendants.

LONG, District Judge.

### Findings of Fact.

1. On April 20, 1938, by deed recorded in the land records of Jefferson County, Florida, in Book ZZ of Deeds, page 103, the United States acquired title to the following described lands in Jefferson County, Florida:

sary for rural rehabilitation purposes in the State of Florida.

3. All of said land described herein appeared on the tax rolls of Jefferson County, Florida, for the year 1943 and were assessed in the name of the United States, by means of a levy of 10 mills for a school bond tax for school district No. 8, Jefferson County, Florida.

4. Said lands were offered for sale for nonpayment of said taxes assessed for the year 1943 at a tax sale dated June 1, 1944 and tax certificates numbered 85, 86, 87, and 88 all dated June 1, 1944 were issued to the defendant, Jefferson County, Florida.

5. Said properties were conveyed by the United States to individual purchasers by deed on various dates subsequent to January 1, 1944. Each deed contained a clause as follows: The grantor hereby warrants that as of (date of title) there are no valid liens for taxes assessed or levied against the property above described during the period of ownership by the grantor, and assumes responsibility for the satisfaction or discharge of any of such liens. At the time of each sale, the plaintiff took a purchase money mortgage and the United States is now the holder of a mortgage against each tract conveyed.

|  | Section | Township | Range | Acres |
|---|---|---|---|---|
| W½ except North 75 acres | 16 | 2N | 6E | 245 |
| All except 2 acres | 17 | 2N | 6E | 638 |
| S½ of NE¼ of NE¼, NW¼ of NW¼, S½ of NW¼, S½ | 18 | 2N | 6E | 460 |
| NW¼, W½ of NE¼ | 21 | 2N | 6E | 240 |

2. Said lands were acquired by the United States with funds transferred to it by the Florida Rural Rehabilitation Corporation pursuant to an agreement dated March 16, 1937, whereby all of the assets and property of the Corporation were transferred to the United States and whereby the Secretary of Agriculture was authorized to administer said property and expend said assets as he might deem neces-

6. The defendants are actively asserting that the foregoing taxes are proper and lawful and constitute liens against said property.

### Conclusions of Law.

1. Land owned by the United States is constitutionally exempt from taxation by the State of Florida and its political subdivisions.

228

2. The taxes levied against the property described in the complaint at a time when said land was owned by the United States and the tax certificates based thereon are null and void.

3. Plaintiff is entitled to judgment directing cancellation of tax certificates numbered 85, 86, 87, and 88, issued to defendant, Jefferson County, on June 1, 1944, and to judgment restraining the defendants from asserting any claim, lien, or encumbrance against said land by reason of said taxes and tax certificates.